1
2
3
4
5
6
7

```
                    FILED
        CLERK, U.S. DISTRICT COURT

              MAR 2 6 2012

        CENTRAL DISTRICT OF CALIFORNIA
        BY                      DEPUTY
```

8
## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

808 HOLDINGS, LLC, a corporation,

11

Plaintiff,

12

vs.

13

14  COLLECTIVE OF JANUARY 3, 2012
SHARING HASH
15  E37917C8EEB4585E6421358FF32F29CD63C23
C91, and DOES 1 through 10, inclusive,

16

Defendants.

Case No. CV12-2078 CAS (Ex)

**[PROPOSED] ORDER GRANTING *EX
PARTE* APPLICATION FOR EARLY
DISCOVERY (ECF No. 6)**

17

18      The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte*

19  Application for Early Discovery (ECF No. 6), and having considered the arguments raised

20  therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, and good cause

21  appearing therefor, Plaintiff's Application for Early Discovery is GRANTED.

22      On March 12, 2012, Plaintiff filed a complaint alleging violations for copyright

23  infringement and negligence against Doe Defendants 1 through 10. (ECF No. 1).  On March 20,

24  2012, Plaintiff submitted an *Ex Parte* Application seeking permission to take early discovery for

25  the limited purpose of identifying these Doe Defendants. (ECF No. 3).  Specifically, Plaintiff

26  seeks to subpoena **AT&T d/b/a SBC Internet Services**, **CenturyTel Internet Holdings**,

27  **Comcast Cable**, **Cox Communications**, and **Verizon Internet Services** (in their capacity as an

28

1  Internet Service Providers ("ISPs")) to determine the names and addresses of certain subscribers
2  connected to certain IP addresses that have been linked to infringements of Plaintiff's
3  copyrighted works and are named as a Doe Defendant.  Additionally, Plaintiff seeks permission
4  to then issue interrogatories to and depose the subscribers identified by these ISPs in order to
5  determine whether the subscriber is the proper defendant in this action.

6      Plaintiff not weeks pre-service discovery.  Specifically, Plaintiff wants to subpoena
7  **AT&T d/b/a SBC Internet Services, CenturyTel Internet Holdings, Comcast Cable, Cox**
8  **Communications**, and **Verizon Internet Services** for documents or information sufficient to
9  identify the subscribers to whom the suspect IP addresses had been assigned.  Plaintiff has shown
10 good cause for such discovery, for the sole purpose of identifying the Doe Defendants.  Where
11 the identity of alleged defendants will not be known prior to the filing of a complaint, "the
12 plaintiff should be given an opportunity through discovery to identify the unknown defendants,
13 unless it is clear that discovery would not uncover the identities, or that the complaint would be
14 dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).  The Court
15 will therefore exercise its discretion to allow Plaintiff to collect limited pre-discovery from
16 **AT&T d/b/a SBC Internet Services, CenturyTel Internet Holdings, Comcast Cable, Cox**
17 **Communications**, and **Verizon Internet Services** and to excuse Plaintiff from the meet and
18 confer requirements of Rule 26(d) and Rule 26(f) for the sole purpose of ascertaining the
19 identities of the Doe Defendants.  The Court will also order **AT&T d/b/a SBC Internet**
20 **Services, CenturyTel Internet Holdings, Comcast Cable, Cox Communications**, and
21 **Verizon Internet Services** – to the extent they are "cable operator[s]" as defined by 47 U.S.C. §
22 522(5) – to comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B).

23     Plaintiff also asks authority to issue interrogatories to, or to depose, these subscribers,
24 once identified by **AT&T d/b/a SBC Internet Services, CenturyTel Internet Holdings,**
25 **Comcast Cable, Cox Communications**, and **Verizon Internet Services**.  Plaintiff seeks this
26 authority to determine whether or not each subscriber is a proper defendant (as opposed to, *e.g.,*
27 someone whose computer was being used without his or her knowledge).  The Court will deny
28 this request at this time.   The Federal Rules of Civil Procedure do not permit issuing

1  interrogatories to non-parties, and the authority to do so to a potential Doe Defendant is at least

2  questionable. Further, depositions would appear to be an instance of "overkill" at this stage.

3  However, Plaintiff has available to it all the tools of informal discovery and dispute resolution,

4  such as the telephone and the mailbox.

5      IT IS THEREFORE ORDERED that "Plaintiff's *Ex Parte* Application for an Order

6  Allowing Early Discovery" (ECF 6) is GRANTED IN PART. Plaintiff is hereby excused from

7  the meet and confer requirements of Rules 26(d) and 26(f) of the Federal Rules of Civil

8  Procedure, and may subpoena **AT&T d/b/a SBC Internet Services, CenturyTel Internet**

9  **Holdings, Comcast Cable, Cox Communications,** and **Verizon Internet Services** for the

10 specific purpose of discovering the identities of the subscribers to whom the IP addresses listed

11 in ECF 6 had been assigned at the time the alleged unauthorized distribution of "Brandon and

12 Pierce Unwrapped" occurred.

13      IT IS FURTHER ORDERED that, if served with such a subpoena, **AT&T d/b/a SBC**

14 **Internet Services, CenturyTel Internet Holdings, Comcast Cable, Cox Communications,**

15 and **Verizon Internet Services** shall each:

16    1) Immediately suspend any process that might delete the information sought by

17       Plaintiff; and

18    2) Have 21 calendar days from the date of service of the subpoena to –

19       a. Comply with the notice provision contained in 47 U.S.C. § 551(c)(2)(B), if the

20          subpoenaed party is a "cable operator" as defined by 27 U.S.C. § 522(5); and

21       b. Respond to the subpoena.

22 Dated this 2̶0̶t̶h̶ 26th day of March, 2012

23

24    _Christina A. Snyle_
      United States District Judge

25

26

27

28