Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV12-2078 CAS(Ex)<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND *EX-PARTE* MOTION FOR ORDER TO EXTEND THE TIME FOR SERVICE** |

On November 9, 2012, Judge Christina A. Snyder issued an Order to Show Cause why Plaintiff's complaint against defendants "should not be dismissed for lack of prosecution." Plaintiff 808 HOLDINGS, LLC ("Plaintiff") submits this Response together with an *ex parte* motion for order to extend time for service under Fed. R. Civ. P. 4(m) as its answer to the show cause order as to why its complaint should not be dismissed.

## PLAINTIFF'S *EX-PARTE* MOTION FOR ORDER TO EXTENT TIME FOR SERVICE UNDER RULE 4(m), FRCP

Plaintiff, by and through its counsel undersigned, respectfully moves this Court, *ex-parte* and without hearing, for an Order extending the time within which Plaintiff must serve the Defendants in the above captioned matter by ninety (90) days. Plaintiff makes this Motion pursuant to Rule 4(m), Fed. R. Civ. P. and Local Rule 7-19. This Motion is accompanied by the following Memorandum of Law in Support of Motion. Pursuant to LRCiv 7-19, Plaintiff is unable to determine the position of any other party to this action, as all of their identities have yet to be determined.

Pursuant to LRCiv 7-19, a proposed order is submitted herewith.

Respectfully submitted this 27th day of November, 2012.

LANG, HANIGAN & CARVALHO, LLP

By: s/ Arthur Carvalho, Jr.
Attorneys for Plaintiff, 808 Holdings, LLC.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# TO EXTEND TIME FOR SERVICE

## I. ARGUMENT

Plaintiff filed the present copyright infringement suit on March 12, 2012, against ten (10) Doe Defendants ("Does" or "Defendants"), each of whom were identified solely by their Internet Protocol ("IP") address and the date and time of infringement. Shortly after the complaint was filed, Plaintiff moved for early discovery to subpoena the relevant subscriber records from the Doe's Internet Service Providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on March 26, 2012 and Plaintiff diligently served subpoenas on the ISPs within the week. Under the terms of the Court Order authorizing early discovery, the ISPs were given 21 days to comply with the notice provisions contained in 47 U.S.C. § 551 (c)(2)(B) and to respond to the subpoena.

In practice, however, many ISPs require additional time to notify their respective subscribers and produce the requested information. In the case at bar, one ISPs informed Plaintiff that they require additional research to properly respond to the subpoena, and another required a number of meet-and-confer engagements to settle on the scope and costs of the response. Since these requests were reasonable under the circumstances and were needed measures to minimize the subpoena's burden, as a professional courtesy, Plaintiff agreed to give the ISPs the additional time they requested. As a result, Plaintiff did not receive the bulk of the records it requested until August. Further, Comcast has informed Plaintiff that it requires additional time to research a number of remaining IP addresses. Plaintiff is also aware - as is this Court - of the stigma associated with being attached to a suit such as this. As a result, and as a matter of courtesy, Plaintiff allows defendants time to resolve, or, in the alternative, hire counsel, before amending the pleadings to name defendants who seek the speedy resolution of this matter. This course of action has proven beneficial to both sides as it allows Defendants to inform Plaintiff of any unique circumstances that may absolve them of liability so as to confirm Plaintiff's good faith belief that a particular Doe are the actual infringers identified in the Complaint. This courtesy has fostered free-and-clear settlement agreements with those whose circumstances dictate they cannot, in good faith, be liable

as well as with those who wish to admit their wrongs without the need for further judicial intervention.

Plaintiff respectfully submits that, since it has prosecuted this case diligently and professionally within the confines of the law, it has demonstrated good cause to extend the deadline to serve the complaint. *See,* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court shall extend the time for service for an appropriate period." *Voltage Pictures, LLC v. Does 1-5,000,* __ F.Supp.2d___, 2011 WL 1807438, n.2 (D.D.C. 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days to obtain identifying information). The time that it has taken to identify and serve the John Doe defendants is attributable to the inherent difficulty of learning the identity of the anonymous internet users who are infringing Plaintiff's copyright. Plaintiff moved promptly to subpoena the required information from the ISPs and has been working diligently with the ISPs to secure their full compliance and rebuff challenges from the individuals whose information is being sought. Plaintiff has demonstrated good cause for an extension because, due to the delay in receiving subscriber records, it requires additional time to complete its investigation to confirm its good faith belief that the individuals associated with each of the internet protocol ("IP") addresses are the infringers identified in the complaint.

//
//
//
//
//
//
//
//
//
//
//
//

## II. CONCLUSION

Plaintiff respectfully requests that the Court issue the requisite Order permitting it an additional ninety (90) days to name and serve the Doe Defendants. Plaintiff has diligently and in good faith been pursuing the identity of each defendant, but due to complexities beyond its control, has been unable to do so. Plaintiff has diligently set to the task of identifying the anonymous internet users who are infringing its copyright. It, however, requires an additional 90 days to ensure all subpoenas have been responded to and to amend the pleadings with such information and to effect service.

Respectfully submitted this 27th day of November, 2012.

LANG, HANIGAN & CARVALHO, LLP


By: s/ Arthur Carvalho, Jr.
Attorneys for Plaintiff, 808 Holdings, LLC.

5

*Ex-Parte Motion for Order Extending Time for Service*

## CERTIFICATE OF FILING AND NON-SERVICE

I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on November 27, 2012. As the identities of the Doe Defendants are unknown at this time, Plaintiff is unable to serve any defendant.

DATED: November 27, 2012                LANG, HANIGAN & CARVALHO, LLP.

                                        By: s/ Arthur Carvalho, Jr.
                                        Attorneys for Plaintiff
                                        808 HOLDINGS, LLC.

LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
(818) 883-5644

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63 C23C91ON, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: CV12-2078 CAS(Ex)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX-PARTE* MOTION TO EXTEND TIME FOR SERVICE UNDER RULE 4(m) FRCP.** |

The Court, having read all papers filed in connection with the Plaintiff's *Ex-Parte* Motion For Order Extending Time for Service Under Rule 4(m), FRCP, and good cause appearing therefore;

IT IS THEREFORE ORDERED that Plaintiff's motion is GRANTED. The time within which Plaintiff must serve Doe Defendants 1 through 10 is extended up through and including February 26, 2013.

Dated this _____ day of _____, 2011

_____
United States District Judge

---
1
*[Proposed] Order*