Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: CV12-2078 CAS(Ex)<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO AMEND THE COMPLAINT AND FOR DOE AMENDMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF ARTHUR CARVALHO, JR., IN SUPPORT THEREOF.** |

### PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING THE SUBSTITUTION OF DEFENDANT DOES AND FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff 808 Holdings, LLC (the "Plaintiff"), respectfully applies to this Court, *Ex Parte* and without a hearing, for an order permitting the substitution of Defendant DOES with their individual names as well as for leave to amend the Complaint to account for the individual defendants as well as common defenses.

Plaintiff makes this application pursuant to Rule 7 and 26, Fed. R. Civ. P., and *Ex Parte* pursuant to L.R. 7-19. This application is based on Plaintiff's Memorandum of Points and

1  Authorities and Declaration of Arthur Carvalho, Jr., attached hereto, all the records and iles herein,
2  and any other matters considered by the Court.
3
4
   Respectfully submitted this ___th day of January, 2013.
5
6                              LANG, HANIGAN & CARVALHO, LLP
7
8                              By: s/ Arthur Carvalho, Jr.
                                   Attorneys for Plaintiff,
9                                  808 Holdings, LLC.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV12-2078 CAS(Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO AMEND THE COMPLAINT AND FOR DOE AMENDMENT** |

## INTRODUCTION

Plaintiff 808 Holdings, LLC (the "Plaintiff"), initiated this action in response to the systematic and rampant infringement of its copyright protected motion pictures. The Court is no stranger to this type of litigation. Admittedly, litigation such as this is too often abused by copyright owners. To avoid any such implication, Plaintiff initially refrained from bringing similar litigation as it believed the internet piracy of its films could be interdicted by other means. Unfortunately, Plaintiff was incorrect. Since the advent of the bittorrent protocol - which allows for the piracy of its motion pictures on an immense scale and between thousands, if not millions, of individuals - Plaintiff has been damaged by these "torrenters" in an amount that is beyond computation. This harm is due to the fact that if torrenters have a quick and efficient means of

downloading Plaintiff's films - without permission - they have no need to purchase a membership to Plaintiff's website (the only means of downloading the films). The old adage rings true for these torrenters - *why buy the cow, when you can get the milk for free?*

Plaintiff then, reluctantly, joined the torrent-suit fray. However, Plaintiff demanded of its attorneys that it do so the correct way, by the book, and not as a profit center. It made clear that the chief goal of this litigation was as a deterrence and not profit. It demanded settlement agreements requiring potential defendants to secure their network connections rather than simply demand letters for thousands of dollars. It required that each and every defendant be given ample opportunity to explain their unique circumstances in order to avoid potential litigation. And it demanded that any "little old lady" defendant who neither has the technological acumen nor the desire to pirate Plaintiff's copyrights, be immediately dismissed without cost or agreement.

In duly adhering to these demands, on March 12, 2012 Plaintiff filed a complaint for Direct Copyright Infringement, Contributory Copyright Infringement, and Negligence against Doe defendants 1-10. The action was filed against Doe defendants only because, at that time, Plaintiff was only provided with an Internet Protocol ("IP") Address by their online investigators who witnessed and documented each IP address while currently uploading and downloading Plaintiff's film with thousands of other individuals across the globe. On March 20, 2012, Plaintiff filed an *Ex Parte* Application for Early Discovery [ECF 6] seeking leave to subpoena the Internet Service Providers (the "ISPs") associated with each of the IP addresses and the Court granted this Application on March 26, 2012 [ECF 8].

After the ISPs complied with each of the subpoenas - without any objection to this Court which they have done in many other cases - Plaintiff gave each and every defendant ample opportunity to contact Plaintiff in hopes of resolving the matter without further judicial intervention. Plaintiff did not send demand letters, rather it sent letters to each defendant informing them of the pendency of the action and asking them to make contact with the Plaintiff to resolve the litigation before the suit progressed. Many defendants did so, and while some sought to admit their guilt and pay for the harm they have caused, others explained the conditions and circumstances surrounding the documented infringement and were dismissed at no monetary cost.

Now, however, the Court has issued an Order to Show Cause re: Dismissal for Lack of Prosecution [ECF 10, 12] on January 31, 2013 (the "OSC"). In the face of this OSC, Plaintiff has no choice but to move forward with the instant action and name those Defendants who have proven unwilling to resolve this litigation or even, at the minimum, contact the Plaintiff regarding it.

## ARGUMENT

### I. PLAINTIFF'S PROPOSED AMENDMENT MEETS THE REQUIREMENTS OF RULE 15

Plaintiff seeks leave to amend its complaint to add additional allegation to the claim for contributory copyright infringement against the newly named defendants. Federal Rule of Civil Procedure 15(a) sets a liberal standard for amendment. Rule 15(a)(2) states that such "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v, Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Courts generally consider four factors when evaluating a plaintiff's request to amend a complaint: (1) bad faith or dilatory motive; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Froman v. Davis,* 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Each of these four factors support Plaintiff's request for leave to amend.

- Plaintiff has shown good faith. From the outset of this case, Plaintiff has explained that it is ignorant of the true name and identities of the Doe defendants and will need to amend the complaint when those names are ascertained. Furthermore plaintiff requires leave to add additional allegations for contributory copyright infringement based on "boiler plate" defenses of many of the defendants.
- Plaintiff's amendment is timely. Plaintiff seeks leave to amend only after it was provided with a subpoena response from each of the ISPs. Furthermore, the allegations Plaintiff wishes to include in its claim for Contributory Infringement are in response to "boiler plate" defenses many of the defendants have attempted to stand on.

- Plaintiff's amendment will not prejudice the Defendants. First, this case is at a relatively early stage in which none of the defendants have entered an appearance in their individual capacity, it merely names the unresolved defendants who may then litigate this case on the merits. Second, the new allegations are simply in response to the unnamed defendants' attempted defenses and therefore each defendant may challenge the complaint on the merits.

- Plaintiff's amendment further alleges a proper claim for contributory infringement as well as names a proper defendant. As no defendant has entered an appearance, they cannot meet the very high burden of showing the futility of Plaintiff's amendment. Furthermore, even if they had entered an appearance they would not be able to show futility in adding additional allegations for a stronger claim of contributory infringement as well as naming a proper defendant.

### A.  Plaintiff Acted In Good Faith And Has Timely Moved to Amend

The factors of "good faith" and "undue delay" have substantial overlap. *See, e.g.,* Wright & Miller, Federal Practice and Procedure, § 1487 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment."). Courts also consider whether the proposed amendment is interposed for some improper purpose, such as to affect the Court's jurisdiction or for some reasons of litigation tactics. *See id.* (If the Court "determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment"). Here, the newly named defendants cannot make any showing that Plaintiff has acted in anything but good faith in pursuing this amendment. In fact, the slight delay in pursuing this amendment comes at the benefit of the defendants as Plaintiff has delayed doing so in light of the sensitive nature of this suit and the guise of impropriety that comes with it. Plaintiff's proposed amendment will not affect this Court's jurisdiction over this matter, rather it will strengthen it. If Plaintiff had sought some tactical advantage through amendment, it hardly would have explained, in advance, the potential for the

//

amendment from the outset of this case. It simply adds allegations which strengthen its cause of action as well as names the proper individual defendants.

Accordingly, it is plain that Plaintiff has acted with good faith throughout regarding the potential for addition of the individual defendants and any delay accompanying it has been done for the benefit of the defendants. Moreover, Plaintiff's new allegations come after collecting additional evidence from the doe defendants. *See, DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (finding no bad fath and affirming grant of leave toa mend where plaintiff sought to develop evidence of wrongful conduct before asserting claims); *Qualcomm, Inc. v. Motorola, Inc,* 989 F.Supp. 1048, 1050 (N.D. Cal. 1997) (finding no undue delay where the plaintiff's ongoing investigation and discovery had revealed sufficient information upon which to base new claims for relief).

**B.     Plaintiff's Amendment Will Not Prejudice Defendants**

Defendants bear the burden of establishing that prejudice will result from Plaintiff's amendments. *See, Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). As no defendant has yet been named and entered an appearance, they cannot possibly make such a showing. Even if they had, to establish prejudice by simply amending the complaint to add each defendant's true name and identities is a tall order, to say the least. Furthermore, each of the defendants is aware, as is this Court, of the possibility of this amendment. Aside from obtaining each defendant's name through subpoena, no other substantive proceedings have taken place that would subject the defendants to prejudice.

Given the early stage of the litigation and Plaintiff's express reservation of its right to amend, defendants can point to no unfair prejudice that will result from the Court's granting of the instant motion. *See, ABM Indus., Inc. v. Zurich Am. Ins. Co.,* 237 F.R.D. 225, 227 (N.D. Cal. 2006) (holding that defendants were not prejudiced by amendment because litigation was at an early stage, and defendants were not surprised by the new factual allegations). As such, defendants cannot credibly claim any undue prejudice from the proposed amendments which will merely bring them into the action so that they may address the complaint on the merits.

//

### C. Plaintiff's Proposed Amendments State a Valid Claim Against the Defendants

The final factor considered by courts under Federal Rule 15 is futility of the proposed amendment. Where, as here, the amended complaint alleges a legally sufficient claim for relief (direct copyright infringement, contributory copyright infringement, negligence), leave to amend should be granted. *See, Miller v. PvKoff-Sexton, Inc* 845 F.2d 209, 214 (9th Cir. 1988). A substantive evaluation of the merits of Plaintiff's allegations, however, would be improper on a motion for leave to amend. *See,* William Schwarzer, *et al.*, *Federal Civil Procedure Before Trial* §8:422 (nothing that "[o]rdinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.").

Liability for contributory infringement of copyright lies where a party "knowingly contributes to the infringing conduct of another." *Fornovisa, inc. v. Cherry Auction, Inc.,* 76 F.3d 259, 264 (9th Cir. 1996) (holding plaintiff's allegation that defendant "actively [strove] to provide the environment and the market [i.e., the site and facilities] for counterfeit recording sales to thrive" was sufficient to state a contributory infringement claim); *See, UMG Records, Inc. v. Bertelsmann AG,* 222 F.R.D. 408 (N.D.Cal. 2004) (refusing to dismiss claims for contributory infringement against investors in the Napster online peer-to-peer network where the plaintiffs alleged the investors were directly responsible for the infringing activity).

As previously alleged by Plaintiff, each defendant contributed materially by sharing "bits" of the copyright protected motion picture to each other and/or allowing fellow members of the swarm to download the infringing copies from other peer users more quickly and efficiently by adding to the overall efficiency of the swarm (as the more members present in the swarm, the faster the download/upload connection becomes). After several discussions with potential defendants, the "go-to" defense seems to boil down to: "it wasn't me it was someone else on my network." In response, Plaintiff wishes to add the allegations that, in accord with *Fornovisa*, that each defendant "provid[ed] the environment and market" - the internet connection - with which infringing copies thrive. This was done by either allowing use of their internet connection to other members of the household and/or hosting an unsecured internet connection accessible to any individual in the area of their wireless router. Both of these scenarios are warned against repeatedly in their Terms of

*Ex-Parte Motion Leave to Amend*

Service contracts with their ISP and indeed, their service contract demands the securement of the network, as well as a clause assuming liability for any illegal/infringing activity taking place on their network. Those who claim this defense, are in violation of their contractual agreements with their ISPs and had knowledge, actual or constructive, of the infringement through general public knowledge and/or repeated warnings by ISPs. Furthermore, copyright infringement is a strict liability cause of action and thus knowledge is immaterial. Finally, the possibility of the infringing activity is easily avoided through the use of a network password - the same password they are obligated to institute under their Terms of Service agreements with their ISPs. In essence, the defendant does failed to exercise their singular ability to control infringing activity.

As in *Fornovisa* and *Bartelesmann,* and under Ninth Circuit standards, Plaintiff's additional allegations under state sufficient facts to state a claim for contributory infringement against those who seek to use this defense. Plaintiff has alleged that defendants had knowledge of the infringement - actual or constructive - and were directly involved and materially contributed to the unlawful conduct by supplying the internet connection with which the infringement took place. Plaintiff has also alleged that the defendants had the right and ability to control the defendant's infringement through their status as owner and contractual subscriber of the internet connection.

Although here, Plaintiff merely needs to show it can allege sufficient claims and need no provide any supporting evidence, Plaintiff has provided such evidence in the form of the IP addresses assigned to each account holder at the specific date and time the infringement occurred. This confirms that Plaintiff's allegations are both sufficient and true. Early discovery confirms that the defendants have the right and ability to control any infringement through the use of their internet connection, had knowledge - actual or constructive - of that infringement, and materially contributed to that infringement through providing the internet connection necessary to carry out the infringement.

Plaintiff provided these IP addresses, not as exhaustive proof of its claims, but merely to show that, far from being futile, the proposed amendment is meritorious. As discovery proceeds, Plaintiff will undoubtedly receive even more evidence confirming its allegations. In sum, this is not a close case; amendment is overwhelmingly appropriate under Rule 15.

## II. THE MOTION TO SUBSTITUTE THE IDENTIFYING INFORMATION FOR DOE DEFENDANTS SHOULD BE GRANTED

At the time the complaint was filed the Plaintiff was unaware of the true names of Doe defendants 1-10 and therefore sued such defendants by fictitious names.

Since that time, Plaintiff has discovered the names of the individuals responsible for the complained of acts. This information was gained through subpoena responses provided by the ISPs associated with each of the IP addresses on the specific date and time of the alleged infringement by their custodian of records. See, Declaration of Arthur Carvalho, Jr.

The Plaintiff is filing an amended complaint contemporaneously with this Motion substituting the Doe defendants with the account holders subscribing to each of the IP addresses at that same specific date and time.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion to amend the cause of action for contributory copyright infringement and the names of the personally identifying information of the account holder on the specific date and time of the alleged infringement.

Respectfully submitted this ___th day of January, 2013

                            LANG, HANIGAN & CARVALHO, LLP

                            By: s/ Arthur Carvalho, Jr.
                                Attorneys for Plaintiff, 808 Holdings, LLC.

Timothy R. Hanigan (State Bar No. 125791)
trhanigan@gmail.com
Arthur Carvalho, Jr. (State Bar No. 125370)
acarvalho@lhcllp.com
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
Telephone: (818) 883-5644
Facsimile: (818) 704-9372

Attorneys for Plaintiffs
808 Holdings, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV12-2078 CAS(Ex)<br><br>**DECLARATION OF ARTHUR CARVALHO, JR., IN SUPPORT OF MOTION TO AMEND THE COMPLAINT AND FOR DOE AMENDMENT** |

I, Arthur Carvalho, Jr., declare under penalty of perjury:

1. I am the attorney for Plaintiff 808 Holdings, LLC.

2. On July 10, 2012, I received a correspondence via mail from Comcast Communications.

3. Comcast Communication's correspondence was in response to Plaintiff's subpoena and identified Robert L. Byram, Jr. as the subscriber to IP address 98.214.232.174 (Doe 3 in the instant action), and Aravind Tukakula as the subscriber to IP address 98.218.1.186 (Doe 5 in the instant action).

//

//

4. As such, I believe it is appropriate to amend the complaint and substitute in the name of "Robert L. Byram, Jr.," in place of Doe 3, and Aravind Tukakula in place of Doe 5.

5. On August 30, 2012 I received an email from Locke & Lord, LLP, attorneys for ISP AT&T d/b/a SBC Internet Services ("SBC").

6. SBC's email was in response to Plaintiff's subpoena and identified Hunter Hancock as the subscriber to IP address 76.219.64.125 (Doe 1 in the instant action).

7. As such, I believe it is appropriate to amend the complaint and substitute in the name of Hunter Hancock in place of Doe 1, in the instant action.

8. On June 5, 2012, I received a faxed correspondence from Verizon Internet Services.

9. Verizon's fax was in response to Plaintiff's subpoena and identified Stuart Wainberg as the subscriber to IP address 71.172.63.43 (Doe 4 in the instant action).

10. As such, I believe it is appropriate to amend the complaint and substitute in the name of Stuart Wainberg in place of Doe 4.

11. On May 8, 2012, I received a correspondence from Neustar, agent for ISP Cox Communications.

12. Cox Communication's correspondence was in response to Plaintiff's subpoena, and contained documents identifying Hoang Lien as the subscriber to IP address 72.219.151.176 (Doe 6 in the instant action).

13. As such, I believe it is appropriate to amend the complaint and substitute in the name of "Hoang Lin," in place of Doe 6.

Executed this ___th day of January, 2013 at Woodland Hills, California.

By: s/ Arthur Carvalho, Jr.
Attorneys for Plaintiff,
808 Holdings, LLC.

## CERTIFICATE OF FILING AND NON-SERVICE

I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on January 17, 2013. As the Doe Defendants have not yet been named, Plaintiff is unable to serve any defendant.

DATED: January 17, 2013       LANG, HANIGAN & CARVALHO, LLP.

By: s/ Arthur Carvalho, Jr.
Attorneys for Plaintiff
808 HOLDINGS, LLC.