1 | Stuart Wainberg
2 | 25 Notch Hill Drive
3 | Livingston, New Jersey 07039
4 | Plaintiff in Pro Per



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 808 HOLDINGS, LLC, a California limited liability company,<br>　　　　Plaintiff,<br>　　vs.<br>HUNTER HANCOCK, an individual; ROBERT L. BYRUM, JR., an individual; STUART WAINBERG, an individual; ARAVIND TUKAKULA an individual; and HUANG LIEN, an individual; as members of the COLLECTIVE OF JANUARY 3, 2012 SHARING HASH E37917C8EEB4585E6421358FF32F29CD63C23C91ON, and DOES 1 through 10, inclusive,<br>　　　　Defendants. | Case No.: CV12-2078 CAS (EX)<br>**Answer of Defendant Stuart Wainberg to second amended complaint of plaintiff 808 Holdings, LLC a California limited liability company** |

— ANSWER —

1

Defendant, Stuart Wainberg (hereinafter "Defendant") for himself and no other defendant, denies all of the allegations of the complaint except as expressly admitted herein.

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each and every cause of action of the complaint, this answering Defendant is informed and believes, and on such information and belief alleges as follows:

FIRST AFFIRMATIVE DEFENSE

(no personal jurisdiction)

As a first and separate affirmative defense, Defendant asserts that this Court does not have personal jurisdiction over the Defendant. This Defendant denies Plaintiff's assertion in paragraph 6 stating that this Court may exercise personal jurisdiction over the Defendant. Personal jurisdiction over a defendant may be established based upon the defendant's physical presence, domicile, or consent to jurisdiction within the forum state. In addition, those who live or operate primarily outside of a state generally have a right, under the Due Process Clause of the Fourteenth Amendment, not to be subjected to the jurisdiction of the courts of a foreign state. Therefore, in order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

Here, the Defendant Stuart Wainberg resides in Livingston, New Jersey, works in New Jersey, has no physical presence, assets or conducted activity of any kind in the State of California and has not consented to jurisdiction within the forum state. The Plaintiff asserts in paragraph 6, lines 21 and 22, that "defendants reside in, solicit, transact, and/or are doing business within the jurisdiction of this Court." These statements are factually false. The US

District Court for the Northern District of California, in the case of On the Cheap, LLC dba Tru Filth, LLC v Does 1-5011 (Case No. 3:10-cv-04472-BZ) decided that a Plaintiff cannot sue out of state defendants in that court if said defendants have not availed themselves to the jurisdiction of the California court. Plaintiff has failed to prove how Defendant availed himself to this jurisdiction. Plaintiff's claim in Paragraph 7 of the Complaint that the "file contained Plaintiff's name as well as a California address for its custodian of records" as sufficient to show that the Defendant had availed himself to the jurisdiction of the California court is totally without merit. This conclusion is supported by the refusal of Justice Ruben Brooks to deem this same language as adequate to assert personal jurisdiction. (US District Court Southern District of California Civil No. 12cv00191 MMA(RBB) 2012.SCA.0000774 www.versuslaw.com) The complaint in the aforementioned case is almost identical to the Complaint against this Defendant. In that case, which was instituted by the same Plaintiffs, 808 Holdings, LLC, against Does 1-39 for an illegal download of "Brandon and Pierce Unwrapped, (the same motion picture as this case, hereinafter the "Motion Picture") on December 28, 2011 in the United States District Court Southern California, Judge Ruben Brooks, denied Plaintiff's motion for leave to take early discovery. In that case Justice Brooks stated that the Plaintiff's claim that jurisdiction over doe defendants is proper because the motion picture displayed Plaintiff's California business address, is insufficient to support a determination that defendants expressly aimed their tortuous acts against a California company, as required for specific jurisdiction" Celestial, 2012 U.S. Dist. Lexis 41078, at *6. Justice Brooks further stated that it is unlikely that an individual in a distant jurisdiction would envision that the acts alleged would subject him to the jurisdiction of this Court. He further stated that any allegation that personal jurisdiction exists because of the swarming activity is inadequate. In conclusion, Justice Brooks stated that at a minimum,

Plaintiff had not alleged sufficient facts to show that it could withstand a motion to dismiss for lack of personal jurisdiction as to the 31 Doe defendants with IP addresses outside of California. This decision supports Defendant's denial of Plaintiff's claim that Defendant has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction.

In addition, Defendant asserts that a claim of personal jurisdiction by this Court would create undue hardship and difficulties for an out of state defendant to appear in this Court.

### SECOND AFFIRMATIVE DEFENSE

(no direct copyright infringement)

As a second and separate affirmative defense, this Defendant alleges that the Plaintiff's complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against this Defendant. Defendant denies downloading Plaintiff's Motion Picture and denies having used any BitTorrent protocol. Defendant never even heard of the Motion Picture and BitTorrent until receipt of the initial complaint from Defendant's internet provider. In Paragraph 6, lines 22, 23 and 24 of the Complaint the Plaintiff alleges that the defendant "committed unlawful acts" without offering a single piece of evidence or proof supporting its allegation. Plaintiff alleges it has documented copyright infringement activity stemming from the IP address assigned to Stuart Wainberg via his internet service provider. However, plaintiff has not provided any documentation or proof demonstrating that this particular IP address downloaded the Motion Picture. In addition, Defendant asserts that it is patently incorrect to assume that the individual who pays for internet access at any given location or who "owns" the IP address is also the person who allegedly used such IP address to downloaded the copyrighted material. In fact the Eastern District of New York found the link between the person who

"owns" the IP address and the person who actually downloads material as tenuous. In re Bittorrent Adult Film Copyright Infringement Cases, No. 11-3995 (DRH)(GRB), 2012 WL 1570765 (E.D.N.Y.May 1, 2012)  The court in the Eastern District of New York states that because the use of wireless routers is increasing, it is even possible that a passerby or neighbor could access the internet using the IP address assigned to a particular subscriber.  Because of this, the court found it unlikely that an IP address would identify a particular infringer.

Plaintiff has failed to show that Stuart Wainberg was the alleged infringer or in any way committed an unlawful act.  In addition, Plaintiff alleges in Paragraph 6, line 22 that the acts were "intentional".  As stated previously, Defendant had no knowledge of the download of the Motion Picture therefore the claim that the Defendant committed the act intentionally is false. Furthermore, the Plaintiff's assertion in Paragraph 6 lines 23 and 24 that the defendants had "full knowledge that their acts would cause injury in this jurisdiction" is also clearly false and hereby denied.

### THIRD AFFIRMATIVE DEFENSE

(venue is improper)

As a third and separate affirmative defense, this Defendant denies that the venue is proper in this Court.  As the Plaintiff states in the Complaint in Paragraph 9, line 12 and 13, "venue is proper in any judicial district in which a Defendant resides or may be found." As stated previously, Defendant resides in the state of New Jersey and has no ties of any kind to California.  An individual "resides for venue purposes in the district of his domicile. 17 James Wm. Moore, et al., Moore's Federal Practice, S110.39[2], at 110-76 (ed. 201).  A defendant is "found" for venue purposes where he is subject to personal jurisdiction. Id.  As Defendant states

-ANSWER-    5

in this Answer in the First Affirmative Defense, Defendant is not subject to personal jurisdiction in this Court. In addition, Plaintiff fails to prove in any way how Defendant's acts targeted this District and as stated in this Answer in the First Affirmative Defense, the Plaintiff fails to give any credible reasons why Defendant could reasonably anticipate being sued in this District.

FOURTH AFFIRMATIVE DEFENSE

(improper joinder)

As a fourth and separate affirmative defense to paragraphs 2-4, 11-19, 31-33, 52-118 of the Complaint, this Defendant denies that all doe defendants acted in a collective and interdependent manner to infringe Plaintiff's Motion Picture, contributing to copyright infringement. Therefore, joinder is improper. A district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side. As shown by this Answer, the Defendant as well as the other defendants have unique defenses that in all fairness should be adjudicated separately. Therefore joinder is improper in this regard.

In addition, all Plaintiff has alleged is that various IP addresses allegedly downloaded the Motion Picture or parts thereof at certain times. Plaintiff has not provided any evidence that Defendant's IP address downloaded the Motion Picture, the Defendant was the alleged infringer, that Defendant has any nexus whatsoever to any of the other defendants, or that Defendant republished or distributed the Motion Picture to the other defendants named in this Complaint. In the case Patrick Collins Inc. v Does 1-54 case No. 2:11-cv01602 US District Court of Arizona, the Judge determined that to be sued with others you must have either uploaded to or downloaded from each one of the defendants. If not, the defendants are not properly joined. Just

because an IP address is in a supposed swarm doesn't mean it acquired anything or distributed anything. Even Plaintiff's own statement in Paragraph 57 of the Complaint admits that seeders, and therefore by extension, other downloaders can enter and leave a swarm at will. Since a swarm does not start or stop when particular members change, this puts into question whether the Defendant's IP address downloaded from or uploaded to any of the other defendants joined in this case, let alone all of the other Doe defendants. In Paragraph 14 of the Complaint, Plaintiff asserts that each of the Defendants replicated and shared with each other the precise and exact same file and portions thereof......and were dependent on one another to achieve their nefarious ends. Plaintiff fails to show this to be the case. By Plaintiff's own admission, downloaders can enter and leave a swarm at will, therefore they are not collectively dependent on each other. There are no facts or proof that Defendant's IP address downloaded the whole movie or parts thereof. In addition, there is no proof that other defendants downloaded any part of the Motion Picture from Defendant or that Defendant allowed other defendants to upload the Motion Picture from defendant. In fact, conspiracy charges (direct and contributory infringement) has been rejected by courts.

## FIFTH AFFIRMATIVE DEFENSE

(no contributory copyright infringement)

As a fifth and separate affirmative defense Defendant denies that he is liable for Contributory Copyright infringement as alleged in Section VII, Second Cause of Action, of the Complaint. The standard for determining contributory infringement has been for the Plaintiff to show that the Defendant has knowledge of the infringing activity, intent and induced, causing or materially contributing to the infringing conduct of another. Plaintiff fails to prove in any way

that these criteria are met. In addition, to show vicarious infringement, the Plaintiff must show that Defendant profited from direct infringement and has the ability to stop or limit the infringement. Plaintiff fails to demonstrate in any way this claim.

## SIXTH AFFIRMATIVE DEFENSE

(no negligence)

As a sixth and separate affirmative defense Defendant denies Plaintiff's claim, in Section VIII, Third Cause of Action, of negligence on the part of Defendant. Plaintiff's claim of negligence is weak at best as there is no proactive requirement by law that anyone secure their internet connection to prevent infringements. In any event, even if an information technology professional used his/her best efforts to secure an IP address, there is still no assurance that such IP address is 100% secure. If the Pentagon's computer system can be hacked, so can someone's personal computer and IP address.

## SEVENTH AFFIRMATIVE DEFENSE

(untimely court filing)

As a seventh and separate affirmative defense, this Complaint should be dismissed for untimely filing with respect to this Defendant. By law, a summons and complaint must be served on a defendant within 120 days after the Plaintiff files a complaint unless Plaintiff can show the court good reason for not complying with the 120 day limitation. The initial complaint was filed on March 12, 2012 for CV12-02078 CAS (EX). The First Amended Complaint was filed on March 15, 2012 to correct some careless errors. Plaintiff chose not to amend the complaint for a second time until January 28, 2013 specifically naming Defendant, Stuart Wainberg. On

-ANSWER-   8

February 7, 2013 Defendant was finally served with a summons and the Second Amended Complaint. This Court should be aware that Defendant received correspondence from Plaintiff's attorney addressed to Stuart Wainberg, the Defendant, at his home address as early as May 21, 2012 (see letter labeled Exhibit 1 attached). Knowing the identity and address of this Defendant more than 8 months prior to amending the Complaint for the second time shows that there is no good reason why Plaintiff took over 8 months to amend the complaint to name Defendant specifically. Because so much time had elapsed Defendant was under the impression that no suit was being brought. The only logical reason for dragging their feet for close to a year with intermittent correspondence threatening to bring suit is that they thought this Defendant would pay to settle. The court should not allow the 120 days to commence after the date of the filing of the Second Amended Complaint, as the defendant could have and should have amended the complaint earlier. The 120 day rule is rendered worthless if Plaintiffs are allowed to amend their complaint numerous times and the clock starts at the time of the amendment. Therefore, this Complaint should be dismissed for untimely filing.

EIGHTH AFFIRMATIVE DEFENSE

(no liability for damages)

As an eighth and separate affirmative defense Defendant denies Plaintiff's claim for damages for infringement of the copyrighted work. As stated previously, Defendant denies downloading the Motion Picture. Further, Defendant denies Plaintiff's claim in Paragraph 2 under Prayer For Relief, that the damages may be actual or statutory, but if statutory damages are elected, the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement. Plaintiff has not shown how Defendant's acts were willful. Plaintiff has not even

shown that Defendant was the alleged infringer. The copyright owner has the burden of proving willful infringement and the court must actually find willful infringement in order to award the higher amount.

In addition, if actual damages are to be awarded, all Plaintiff can allegedly show is that Defendant's IP address downloaded the Motion Picture. Plaintiff fails to prove that the other defendants joined herein received the Motion Picture from Defendant's IP address. Therefore, at most, Plaintiff should be entitled to the price of a single download, which in all likelihood is less than $25.00.

In addition, Plaintiff's actions with respect to the release of the Motion Picture strongly suggests that part of Plaintiff's business plan was to bait and then pursue as many as possible, alleged copyright infringers. 808 Holdings LLC (the Plaintiff) filed as a domestic limited liability company in California on Friday, December 23, 2011. On that same date, the U.S. Copyright office received Plaintiff's copyright application. Plaintiff released the Motion Picture two days later on the internet on December 25, 2011 and began instituting lawsuits only four days later on December 29, 2011 for alleged illegal downloads that occurred. Although only 10 defendants are named in this Complaint, it appears that Plaintiff has instituted identical lawsuits against approximately 187 Doe defendants for alleged copyright infringement of the Motion Picture in various districts in the California court system for alleged downloads from December 29, 2011 through January 3, 2012. From these actions, it appears that Plaintiff was aware of the risk of people downloading the "Motion Picture" through the bittorrent protocol but decided to release the movie via the internet in any event without appropriate security. In so doing, Plaintiff assumed the risk of breaches to its technology and should not be allowed to pursue defendants

across the United States under the guise of copyright infringement when their sole purpose is to coerce defendants into settling.

Furthermore, knowing the profitability that settlement procurements had on other porn distributors bottom lines, Plaintiff instructed their counsel to send letters to this Defendant and 186 other defendants asking them to call Plaintiff's counsel to discuss a "mutually beneficial solution rather than continue litigation." The fact that Plaintiff dragged it's feet for almost a year in serving the summons and complaint and chose to sue Defendant in California with full knowledge of Defendant's identity as a New Jersey resident with no ties to California is a bad faith abuse of the judicial system and confirms that Plaintiff's true desire was to cash in on this collection scheme by procuring a settlement from this Defendant in lieu of litigating. Plaintiff should not be permitted to rely upon copyright infringement laws in this manner.

NINTH AFFIRMATIVE DEFENSE

(Court should admonish Plaintiff's counsel)

This court should acknowledge that Plaintiff's attorney's email to Defendant dated October 11, 2012 (attached as Exhibit 2 hereto) is unethical and inappropriate. It shows that the attorney for Plaintiff was aggressively pursuing Defendant, with the primary goal of securing a payment to settle by misrepresenting Judge Snyder's decision in CV12-2251 – CAS(EX). In that email the attorney for Plaintiff states that "If Judge Snyder is inclined to order a transfer of venue or an order to sever, we are more than willing to continue this litigation against you in the District of New Jersey; however, we see this as an unlikely occurrence as she just recently issued in a similar case brought by 808 Holdings an order in our favor on many of the pertinent issues." After reading Judge Snyder's order it is apparent that Plaintiff's attorneys were trying to scare

Defendant by misrepresenting the decision. Judge Snyder did not issue definitive decisions on any of the pertinent issues in this case. Judge Snyder specifically states in that order that the Court declines to address plaintiff's argument that jurisdiction would be proper against any putative non-resident defendants. In addition, Judge Snyder's order specifically states that joinder was only proper for the limited circumstances in that case since the only motions filed on behalf of any of the defendants were identical in all respects. Furthermore, Judge Snyder states in that order that "should later developments make it apparent that severance is appropriate for any reason, the Court can and will revisit the issue at that time." Plaintiff's attorney blatantly misrepresented the applicability of that order to the case at hand here. Their unethical behavior confirms our belief that Plaintiff's real business is to conduct frivolous law suits against unknowing internet users. The court should admonish said attorneys.

## TENTH AFFIRMATIVE DEFENSE

As a Defendant pro se, representing himself, this Defendant presently has insufficient knowledge and information upon which to form a belief as to whether he may have additional, and as yet unstated, affirmative defenses available. As such, this answering Defendant reserves the right to seek leave of Court to amend his Answer, without prejudice, to assert additional affirmative defenses and claims against Plaintiff and retain counsel if he deems necessary.

WHEREFORE, Defendant prays that Plaintiff:

1. Take nothing by their complaint;
2. That said complaint be dismissed against this answering Defendant with prejudice;
3. For the costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: 2/21/13        Stuart Wainberg, Defendant    /s/ Stuart E. Wainberg

- ANSWER -    13

*Exhibit 1*

# Lang, Hanigan & Carvalho, LLP

Attorneys at Law

Timothy R. Hanigan

Tel: (818) 883-5644
Fax: (818) 704-9372
trhsgh@aol.com

May 21, 2012

Stuart Wainberg
25 Notch Hill Drive
Liv, NJ 07039

Re: <u>Notice of Federal Lawsuit for Copyright Infringement.</u>

Mr. Wainberg:

I serve as counsel for 808 Holdings, LLC. You are receiving this letter as we have documented copyright infringement activity stemming from the IP address assigned to you via your Internet Service Provider and have initiated a lawsuit against you in United States District Court, Central District of California, under the case number CV12-2078 CAS (Ex).

A subpoena and court order were issued to your Internet Service Provider ("ISP") requesting your identity and contact information in order to properly name you as a defendant, and serve you with the complaint in the above-referenced case. Your ISP has complied. Please take note that this is not a warning and that this firm vigorously defends our client's intellectual property rights.

It is our firm policy, as well as a matter of professionalism, to contact potential defendants before publically naming them in hopes of coming to a mutually beneficial solution rather than continue litigation.

This letter serves as our formal attempt to bring a conclusion to fruition without further judicial intervention. Please contact me within 10 days of receipt of this letter to resolve this matter. It should be noted that this office will seek to resolve this matter professionally; however, we will exhaust any and all legal means necessary should you be unwilling to address this issue in good faith.

Please contact me at your earliest convenience at (818) 883-5644.

Very truly yours,

LANG, HANIGAN & CARVALHO, LLP

By _____
Timothy R. Hanigan

21550 Oxnard Street, Suite 760 • Woodland Hills, CA 91367

*14*

Exhibit 2

Stuart E. Wainberg
25 Notch Hill Drive,
Livingston, New Jersey 07039
(973) 597-0788
Stuwainberg@yahoo.com
**From:** Art Carvalho <acarvalho@lhcllp.com>
**To:** stuwainberg@yahoo.com
**Cc:** 'Vaughn Greenwalt' <vgreenwalt@lhcllp.com>
**Sent:** Thursday, October 11, 2012 7:24 PM
**Subject:** 808 Holdings v. Does, Case No. CV-12-2078

Mr. Wainberg:

You may remember the conversation we had regarding the action initiated against your IP address for copyright infringement in the Central District of California under the case number 2:12-CV-2078. For your convenience, I have attached a copy of the Complaint to this email.

After conferring with my client on the issues presented in this case (as well as your promise to zealously defend against it), we have ultimately decided to continue our action against you in the Central District of California. If Judge Snyder is inclined to order a transfer of venue or an order to sever, we are more than willing to continue this litigation against you in the District of New Jersey; however, we see this as an unlikely occurrence as she just recently issued in a similar case brought by 808 Holdings an order in our favor on many of the pertinent issues (also attached).

Given our conversation, I understand that you may want to retain counsel to represent you in this matter. As a courtesy, I will delay filing a motion to amend the complaint or effecting service of the summons and complaint for a period of two weeks from today's date to allow you to retain counsel and have that counsel contact me. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Arthur Carvalho, Jr.
Lang, Hanigan & Carvalho, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: 818-883-5644 | Fax: 818-704-9372
acarvalho@lhcllp.com

*The information contained in the electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Lang, Hanigan & Carvalho, LLP at (818) 883-5644 and purge the communication immediately without making any copy or distribution.*

I, Stuart Wainberg have served Arthur Carvalho, Jr. at Lang, Hanigan &Carvalho, LLP., 21550 Oxnard St., suite 760 Woodland Hills, CA 91367 and have also served the US District Court, 312 North Spring Street, pro-se unit, Los Angeles, CA 90012 a copy of the Answer of defendant Stuart Wainberg to the second amended complaint of plaintiff 808 Holdings, LLC, a California limited liability company Case NO:, CV12-2078 CAS (EX).

The answer was mailed on Friday, February 22, 2013 and was sent by ~~Fed EX~~ UPS with a delivery date of Monday, February 25, 2013.

Stuart Wainberg _____