UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not present | | Not present |

**Proceedings:** **(In Chambers:) DEFENDANT ARAVIND TUKAKULA'S MOTION TO DISMISS** (filed March 5, 2013) [Dkt. No. 24]

## I.  INTRODUCTION

The Court finds this motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing date of April 8, 2013, is vacated, and the matter is hereby taken under submission.

On March 12, 2012, plaintiff 808 Holdings, LLC filed suit against Collective of January 3, 2012 Sharing Hash E37917C8EEB4585E6421358FF32F29CD63C23C91 and Does 1–10 inclusive.  Plaintiff brings claims for (1) copyright infringement; (2) contributory copyright infringement; and (3) negligence.  Dkt. No. 1.  Plaintiff filed a First Amended Complaint on March 15, 2012.  Dkt. No. 5.

On March 26, 2012, the Court granted plaintiff leave to subpoena AT&T d/b/a SBC Internet Services, Clearwire Corporation, Comcast Cable, Qwest Communications, and Verizon Internet Services, pursuant to Federal Rule of Civil Procedure 45.  Dkt. No. 8.  The subpoenas are limited to discovery of the names and addresses of the subscribers associated with these IP addresses and named as Doe defendants in this action.  Id.

On November 9, 2012, the Court issued an order to show cause why this action should not be dismissed for lack of prosecution, as plaintiff had failed to file a proof of service of on any defendant of its First Amended Complaint.  Dkt. No. 10.  After plaintiff filed an ex parte application to extend the time within which to serve defendants, the Court granted plaintiff an additional sixty days in which to file a proof of service.  Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

No. 12. Plaintiff then filed the instant Second Amended Complaint ("SAC") on January 24, 2013. Dkt. No. 19. The SAC named, *inter alia*, Aravind Tukakula as a defendant. Id.

On March 5, 2013, defendant Tukakula filed the instant motion to dismiss for lack of jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. Dkt. No. 24. Plaintiff opposed the motion on March 26, 2013, and defendant replied on April 1, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II. BACKGROUND**

In this case, plaintiff alleges that defendants have acted in concert to infringe its copyright in the pornographic motion picture, "Brandon and Pierce Unwrapped," through the use of the BitTorrent file sharing protocol. SAC ¶ 1.[1] According to plaintiff, defendant Tukakula distributed and republished an electronic copy of plaintiff's copyrighted motion picture via the BitTorrent without plaintiff's permission. Id. ¶¶ 34–36. Plaintiff's contentions are based upon defendant's ownership of a particular Internet Protocol ("IP") address that was allegedly used for downloading and reproducing this electronic file.

Plaintiff avers that defendants "reside in, solicit, transact, and/or are doing business within the jurisdiction of this Court," and that they have "committed unlawful and tortious acts . . . with the full knowledge that their acts would cause injury in this jurisdiction." Id. ¶ 6. Plaintiff is a "well-known" California corporation in the adult entertainment industry, which is "commonly known to be centered in the State of California." Id. ¶ 8. In addition, the motion picture at issue contained plaintiff's name as

---

[1] Plaintiff does not yet hold a valid copyright registration, but alleges that the U.S. Copyright Office has received its complete copyright application. Compl. ¶ 1. This is sufficient under Ninth Circuit law. See Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010) ("receipt by the Copyright Office of a complete application satisfies the registration requirement of [17 U.S.C.] § 411(a)," which requires registration before instituting an infringement suit).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

well as a California address for its custodian of records. Id. ¶ 7. As such, plaintiff alleges that defendants "knew or should have known" that any harm was likely to be suffered in this forum. Id. ¶ 8.

After being served with a copy of the summons and complaint in this action, defendant Tukakula filed the instant motion to dismiss. Defendant testifies that he is a resident of Washington D.C., where he has lived for the past fourteen years. Decl. of Aravind Tukukula ¶ 3. He considers this to be his permanent place of residence both now and for the future. Id.. Moreover, he was visited California only once, when he spent approximately two days in San Francisco. Id. ¶ 4. He conducts no business dealings with any entity in California, nor does he have any meaningful contacts with any entity there. Id. ¶ 5. Defendant also testifies that he was unaware of the existence of 808 Holdings prior to the commencement of this case. Id. ¶ 6.

Defendant first retained his former counsel, Brian S. Seal, in connection with this case in July 2012. Decl. of Brian S. Seal ¶ 3. On July 27, 2012, Seal contacted plaintiff's counsel by email and advised him that Tukukula "is not now—and was not at the time of the alleged infringement—subject to personal jurisdiction in the Central District of California." Id. Ex. 1. He further stated that defendant would immediately move to dismiss for lack of personal jurisdiction and seek compensation for the fees and costs incurred in bringing such a motion if plaintiff attempted to pursue any claims against defendant. Id. Plaintiff's counsel declined defense counsel's invitation to explain the basis for personal jurisdiction over defendant during a subsequent conversation. Id.

### III. LEGAL STANDARD

Personal jurisdiction over a defendant may be established based upon the defendant's physical presence, domicile, or consent to jurisdiction within the forum state. See J. McIntyyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011); William W. Schwarzer et al., Federal Civil Procedure Before Trial § 3:39, at 3-20 (2012). "Each of these examples reveals circumstances, or a course of conduct, from which it is proper to infer an intention to benefit from and thus an intention to submit to the laws of the forum State." J. McIntyyre Machinery, 131 S. Ct. at 2787.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

On the other hand, "those who live or operate primarily outside of a state" generally have a right, under the Due Process Clause of the Fourteenth Amendment, not to be subjected to the jurisdiction of the courts of a foreign state. Id. Therefore, in order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have certain "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).[2] Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In contrast, a court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.

---

[2] Where, as here, "there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); see Fed. R. Civ. P. 4(k)(1)(A). Because California has a long-arm jurisdictional statute that is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process is the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

**IV. DISCUSSION**

    **A.    Personal Jurisdiction**

At the outset, the Court finds that only a potential exercise of specific personal jurisdiction over defendant is properly at issue here. Plaintiff's contention in opposition that its allegations are "sufficient to establish either general or specific in personam jurisdiction" is without merit and entirely unsubstantiated. Opp'n at 4. Plaintiff offers no allegations or evidence that would possibly support an exercise of general jurisdiction over defendant, which requires that a defendant's contacts be substantial enough to approximate physical presence in the forum state. See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Moreover, all of plaintiff's arguments in opposition are directed solely to the issue of specific jurisdiction. Accordingly, the Court concludes that it may not exercise general jurisdiction over defendant.

The Court has specific jurisdiction over defendant if defendant has sufficient minimum contacts with the forum state arising from, or related to, its actions in allegedly downloading or distributing the copyrighted motion picture. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 1227–28 (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs; if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

"If [plaintiff] does so, the burden then shifts to [defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." Mavrix, 647 F.3d at 1228.

      The first prong may be satisfied by a showing of either purposeful availment or purposeful direction. In a tort case, courts focus on the latter, applying the "effects" test set forth in Calder v. Jones, 465 U.S. 783 (1984). See Mavrix, 647 F.3d at 1228. The effects test requires a plaintiff to demonstrate that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) "causing harm that the defendant knows is likely to be suffered in the forum state." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Yahoo!, 433 F.3d at 1206). Because plaintiff has alleged copyright infringement, which is "a tort-like cause of action," the Court applies the purposeful direction framework set forth in Calder. See Mavrix, 647 F.3d at 1228; Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012).

      Even assuming that plaintiff has carried its burden with respect to the first element of the Calder test, the Court concludes that plaintiff fails to demonstrate that either the second or third elements of this test are met. As the Ninth Circuit has held, "Calder cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." Washington Shoe, 704 F.3d at 675. Instead, "something more" is required, in the form of allegations suggesting that a defendant engaged in wrongful conduct with knowledge that harm will be felt in the forum state. Id. Only where a defendant *knows* that its intentional acts will impact a plaintiff's rights in the forum state may these acts be deemed to be expressly aimed at the forum state. See id. at 678.

      Plaintiff contends that an exercise of specific personal jurisdiction over defendant is proper for two principal reasons. First, defendant has engaged in a "transaction" with other users of the BitTorrent file sharing protocol, some of whom are residents of the forum state, by sharing a digital copy of plaintiff's copyrighted motion picture. By allegedly sharing the file in question with these California residents, plaintiff subjected himself to specific personal jurisdiction in this forum. Second, the video in question contains a notice apprising viewers of plaintiff's name and address that is prominently displayed at the beginning of the film. As such, anyone who viewed the film would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

know where any harm from copying plaintiff's work would likely be felt. Relatedly, plaintiff maintains that the movie is "watermarked" with plaintiff's trademark—seancody.com—and anyone who visits this website will find plaintiff's "copyright information" along with its California address. And more broadly, plaintiff alleges that it is "common knowledge" that the "epicenter of the entertainment industry (including the adult-entertainment industry) is in California." SAC ¶¶ 7–8.

The Court finds plaintiff's contentions unpersuasive, as plaintiff fails to allege even a prima facie case of personal jurisdiction over defendant. First, plaintiff offers no evidence to contradict defendant's testimony that he is a resident of Washington, D.C., and that he has never lived in, visited, nor had any substantial contacts with the California. In light of this uncontraverted evidence, the Court need not accept any of plaintiff's allegations to the contrary as true.

Second, the entirety of plaintiff's uncontroverted allegations are insufficient to find that defendant expressly aimed any alleged conduct at the forum state. Sharing an electronic copy of plaintiff's motion picture over the BitTorrent service, even with California residents, does not demonstrate that an individual "aimed" their actions at California or any other state in particular. Nothing about defendant's alleged actions establishes any particular nexus with or targeting of the forum state. This is particularly true where plaintiff does not allege that defendant knew or should have known that any other individuals involved in sharing the electronic copy were residents of California. As this is plaintiff's sole allegation tying defendant's alleged actions to the forum state, this alone will not support an exercise of personal jurisdiction.[3]

---

[3] If anything, these allegations regarding defendant sharing a copy of the electronic file with individuals who reside in California is an argument that defendant purposefully availed himself—the alternative to purposeful direction—of engaging in transactions with residents of the forum state. Even if the Court were to employ a purposeful availment analysis here, these allegations fall far short of demonstrating that defendant *purposefully* availed himself of the privilege of transacting with residents of the forum state. See, e.g., Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) (requiring a "substantial connection" with the forum state to demonstrate purposeful availment). At most, plaintiff's allegations demonstrate that it would be "random and fortuitous" if a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

Plaintiff's allegations that defendant knew any harm from his intentional act would be felt in California also fall short of what is necessary to give rise to specific jurisdiction over defendant. Under Ninth Circuit law, knowledge is key for the express aiming prong of Calder. In the recent Washington Shoe case, for example, the defendant both knew that the plaintiff owned a particular copyright and knew the location of the copyright holder. 704 F.3d at 678. There, the parties' previously had a long-standing business relationship, and before filing suit, the plaintiff sent the defendant a cease-and-desist letter apprising defendant of plaintiff's ownership of a copyright in the allegedly infringing merchandise being sold by the defendant. Id. at 678. As such, the court concluded that this sort of concrete knowledge—along with the defendant's allegedly wilful infringement of the plaintiff's copyright—was "sufficient 'individualized targeting'" to establish the express aiming requirement. Id. at 678–79.

The court distinguished cases such as Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004), where "the facts did not establish that [the defendant] *knew* that the impact of his intentional act would be felt in California," unlike the defendant in Washington Shoe. Id. at 677. Although the plaintiff in Schwarzenegger was a well-known California celebrity, the court determined that the defendant's advertisements for his Ohio car dealership, which allegedly infringed on the plaintiff's intellectual property rights, were not expressly aimed at California. 374 F.3d at 800. As such, while the defendant may have foreseen that any harm would befall Schwarzenegger in California, this did not demonstrate the sort of knowledge that is required to establish the express aiming element of Calder. Id. at 807; see also Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (finding no express aiming where the acts in question may have made it foreseeable that harm would be felt in the forum state, but did not rise to the level of knowledge).

Here, the fact that plaintiff's video is allegedly watermarked with plaintiff's information or contains a notice apprising viewers of plaintiff's address is insufficient to demonstrate the sort of knowledge required under Ninth Circuit law. Plaintiff does not allege that defendant had any prior business relationship such that he would have had

---

particular user interacted with a user residing in California in sharing a copy of the motion picture in question, not purposeful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

knowledge of plaintiff's place of business, nor does plaintiff allege that it sent any cease-and-desist letters apprising defendant of plaintiff's ownership of a copyright in the film. And plaintiff's allegation that it is commonly known that the adult entertainment industry is located in California does nothing to demonstrate the sort of *specific* knowledge on the part of this defendant required to establish express aiming. Taken as a whole, plaintiff fails to allege the level of knowledge that demonstrates a defendant has expressly aimed their alleged actions at the forum state, particularly where the alleged actions themselves are not targeted towards any particular forum. At most, plaintiff demonstrates that it was perhaps foreseeable to defendant that any harm would be felt in California, but this speculative showing is plainly insufficient. See Schwarzenegger, 374 F.3d at 807. Accordingly, the Court finds that it lacks specific personal jurisdiction over defendant Tukakula.

### B. Request for Jurisdictional Discovery

Given the inadequacies of plaintiff's allegations and evidence with respect to this Court's exercise of personal jurisdiction over defendant, the Court declines plaintiff's request for jurisdictional discovery. A decision to permit or deny jurisdictional discovery lies within the sound discretion of the district court. See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id. (quoting Data Disc, 557 F.2d at 1285 n. 1.).

Other than plaintiff's legal arguments for extending the reach of this Court's jurisdiction in this case beyond the boundaries of present doctrine, plaintiff offers nothing in the way of factual allegations that would support an exercise of specific personal jurisdiction over defendant. Although plaintiff attacks defendant's sworn declaration as "self-serving," plaintiff identifies no purpose that granting jurisdictional discovery would serve, as plaintiff offers no evidence that actually contradicts defendant's evidence of his residence and contacts with California. Accordingly, the Court denies plaintiff's request for jurisdictional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2078-CAS (Ex) | Date | April 3, 2013 |
|---|---|---|---|
| Title | 808 HOLDINGS LLC V. COLLECTIVE OF JANUARY 3, 2012 SHARING HASH, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant Tukakula's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |